IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert, ) | C/A No. 3:13-1570-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Emerson Ruben Stoudemire, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Robert Fletcher Herbert ("Plaintiff"), a self-represented state prisoner, brings this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

I.      Factual and Procedural Background

At the time Plaintiff filed his Complaint, he was a pretrial detainee in the Lexington County Detention Center ("LCDC"). He brings this action against Defendant Stoudemire, whom he describes as a deputy supervisor with the LCDC. Plaintiff alleges that, on or about July 12, 2012, Defendant reviewed and approved a "property and evidence voucher" in Plaintiff's state criminal case. The voucher was stamped at 16:02:56 although the property was seized at 6:30 a.m. (06:30:00) by Officer Michael Lawrence Gooding, an officer whom Defendant was supervising. (ECF No. 1 at 4.) The voucher listed a number of clothing items and named their owner as "unknown." (Id.) Plaintiff contends that Defendant's approval of the voucher violated his constitutional right to privacy under the Fourth and Fourteenth Amendments. He further

alleges that Gooding's placement on Plaintiff of a one million dollar bond violated his Eighth Amendment right not to be subject to an excessive bond.

Plaintiff asks this court to award him monetary damages due to loss of income and pain and suffering associated with a stroke he suffered due to "my conditions, slandering my name on television, defamation of my character, false arrest[,] false imprisonment," and violation of his constitutional rights. (ECF No. 1 at 5.)

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "'all civil actions'"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

1.     Respondeat Superior

In his § 1983 claim against Stoudemire, Plaintiff states, "All I need is to show you [Defendant] were working for L.C.D.C. [at] the time of the incident . . . ." (ECF No. 1 at 4.) This claim fails, however, because Plaintiff has incorrectly stated the law.  In order to proceed with this claim, Plaintiff must show that Defendant had *personal* participation in the alleged incident.  A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  Moreover, "[b]ecause vicarious liability is inapplicable to [§ 1983] suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.  As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating . . . supervisory liability

entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Plaintiff's § 1983 claim against Defendant should be dismissed.

### 2. Official Capacity

With regard to Plaintiff's claim against Defendant in his official capacity, the Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects not only the State, but also its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the state, Defendant is entitled to sovereign immunity and cannot constitute a "person" under § 1983 in that capacity. See Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). Accordingly, to the extent Defendant is sued for monetary relief in his official capacity, he is immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 342-43

PJG

(1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in § 1983 for civil rights violations).

        3.    South Carolina Tort Claims Act

Finally, Herbert's attempt to assert a claim pursuant to the South Carolina Torts Claims Act ("SCTCA") (ECF No. 13) fails because such a claim cannot be brought in this court. Under the SCTCA, the State of South Carolina partially waived its sovereign immunity, "provid[ing] for liability on the part of the State, its political subdivisions, and employees, while acting within the scope of official duty." S.C. Code Ann. § 15-78-20(b). However, in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), the Court recognized that a state must expressly consent to suit in a federal district court. Id. at 99 n.9. In the SCTCA, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state. S.C. Code. Ann. § 15-78-20(e). Accordingly, this court is not the proper forum to adjudicate Plaintiff's SCTCA against Defendant. See Stewart v. Beaufort Cnty., 481 F. Supp. 2d 483, 493 (D.S.C. 2007).

III.    Recommendation

Thus, the court recommends that the Complaint, as amended, be summarily dismissed without prejudice and without issuance and service of process.

                                                      Paige J. Gossett
                                                      UNITED STATES MAGISTRATE JUDGE

August 27, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).